JUL 0 6 2021

Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

STEPHEN P. KELLY,
General Delivery,
U.S. Post office.
Omaha, NE 68007,
  Plaintiff,

VS.

KRISTINE ANDERSON, in her
official capacity, OUR PLACE
DROP IN CENTER, a Montana
entity, MARVIN COLEMAN, in
his official capacity, GOOD
SAMARITAN, a Montana business
entity, THERESA ORTEGA, in her
official capacity, PATTY

(1)

HALL, individually, JOSH
HEFFERNAN, individually, and
GEORGE HEATH, in his official
capacity, 631 N. Last chance
GULCH., Helena, MT 59601,
        Defendant(s)


COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE
 RELIEF AND COMPLAINT FOR
    DAMAGES

   Comes now the Plaintiff in
the above styled action and does
show cause for complaint as
follows:

   (1) This is an action sustained
by, STEPHEN P. KELLY, hereinaf-
-ter, Plaintiff KELLY and
sues the defendant's JOINTLY,
KRISTINE ANDERSON, in her
official capacity, OUR PLACE
DROP IN CENTER, a montana
entity, MARVIN COLEMAN, in
his official capacity, GOOD
SAMARITAN, a montana business

(2)

entity, Theresa ORTEGA, in her official capacity, PATTY HALL, individually, JOSH HEFFERNAN, individually, and GEORGE HEATH, in his official capacity, alleging:

(a) Discrimination, (b) interf-erence into an isolated Judicial matter, (c) unlawful disclosure, (d) unlicensed practice of law, (U.P.L.), (e) religious based interference, and (f) verbal assault, libel, and slander/defamation.

NATURE OF THE CASE

(2) This concise case is predicated upon six consecutive aspects of Law, where (a) any entity at which serves a public venue, (concisely mental health client's), are clearly prohibited from engaging into any, (unlawful disclosure) of privileged information

(3)

without privilege or consent per the client!

(b) In the event that an order of protection/restraining order is in place upon a concise party then pursuant to Montana Legislation, the respondent party being sued for restraint, is required under law, in which to depart any place of business upon such time at which the petitioner party arrives despite the fact that the respondent party, may have very well been at such place of business prior to the arrival of the petitioner party!

(c) As to the above stated facts of interference with a (pending judicial order), a cause of action sufficing further discrimination rises here!

(4)

(d) The concise claim existing of, U.P.L. (Unlicensed practice of Law), rises here where any such party whom which is a (non Licensed) attorney, is strictly prohibited from assisting other's in the construing of any Judicial pleading, and or from the (Unlawful) rendition of Legal advice! Defendant party, (Kristine Anderson), is clearly Libel here!

(e) Verbal assault, Libel, and Slander rises here where, pursuant to a claim in fed. court, diversity of citizen-ship must be asserted, and further an untrue, and false statement imposed upon a private party, may in fact assert civil damages in court. Included in this concise claim, an injunctive order may be imposed upon the defendant parties enjoining Joint defendant's from

(5)

speaking of any defamatory
words or quotes upon Plaintiff's
(Legal name)!

(f) As to a concise claim of
(religious based interference),
+ (non-comparable), religious
practice of an isolated
religion, and its member's,
or even missionaries, whom
which interfere and place
a (specific religious pressure),
upon client's would in fact
rise as severe religious based
(interference)! For example,
the catholic diocese whom
which owns the our place
drop in center, does not
engage into any religious
pressure to the catholic
religion, which would exists
as (most unlawful), being
that the entity of the our
place drop in center is
federally funded!

## PARTIES

(3) Plaintiff, STEPHEN P. KELLY is a former client, of the defendant's, (our place drop in center), owned at the primary authority of the (catholic Diocese of Helena)!

(4) capacity defendant, KRISTINE ANDERSON, acts in her official capacity, as assistant manager over the concise our place drop in center.

(5) capacity defendant, MARVIN COLEMAN, acts in his official capacity as primary, and general manager over the entire our place drop in center.

(6) Business and corporate defendant's, GOOD SAMARITAN, exists as, an official entity under the authority of the

(7)

Catholic Diocese of Helena, and is further governed at the hands of defendant, ORTEGA.

(7) Capacity defendant, Theresa Ortega, exists as the executive director over the our place drop in center, and obtains primary authority over each named defendant.

(8) Individual defendant, Patty Hall is an official client, and volunteer at the concise our place drop in center.

(9) Individual defendant, JOSH HEFFERNAN, acts in his official capacity as an official volunteer at the concise our place drop in center, under the authority of the Good Samari-tan entity.

(10) Capacity defendant, GEORGE HEATH, acts in his official capacity as a staffing personnel within the confines

(8)

of the our place drop in center.

## JURISDICTION AND VENUE

(11) This federal court obtains subject matter diversity jurisdiction pursuant to diversity of citizenship, where all parties are citizen's of different states! 28 U.S.C. § 1332.

(12) The financial amount in dispute is in excess of, $75,000, exclusive of interest, between citizen's of different states!

(13) Diversity jurisdiction is hereby properly pleaded, where it clearly establishes that each named defendant exists as a citizen of diverse states, and diversity of citizenship is grounded upon 28 U.S.C. § 1332, in pertinent part as stipulated here and above!

(9)

(14) Diversity of (citizenship) rises here where Plaintiff, STEPHEN P. KELLY is a citizen of the State of Nebraska, and resides (outside of the State of Montana.

(15) Defendant, KRISTINE ANDERSON, is a citizen of the diverse State of Montana, and has resided in Montana at all times material to this action.

(16) Defendant, MARVIN COELMAN, is a citizen of the diverse State of Montana, and has resided in Montana at all times material to this action.

(17) Entity defendant, OUR PLACE DROP IN CENTER, exists as a sole Montana business, and each employee obtains their citizenship solely in Montana.

(18) Defendant, THERESA ORTEGA, is a citizen of the State of Montana, and has

(10)

resided in Montana at all times material to this action.

(19) Defendant, PATTY HALL, is a citizen of the state of Montana, and has resided in Montana at all times material to this action.

(20) Defendant, JOSH HEFFERNAN, is a citizen of the state of Montana, and has resided in Montana at all times material to this action.

(21) Defendant, GEORGE HEATH, is a citizen of the state of Montana, and has resided in Montana at all times material to this action.

## STATEMENT OF FACTS

(22) upon the concise date of June 14th, 2021, defendant, ANDERSON, severely violated state legislation, as to (privacy)

(11)

and (confidential) breaches where she in fact shared and disclosed sole privacy information concerning Plaintiff's legally binding name within an official incident report, to sex offender, and stalker josh Hefferman, without privilege or consent per Plaintiff KELLY.

(23) This concise breach of privacy, and (unlawful) disclosure occurred within the confines of the our place drop in center, placing clear liability upon this concise entity!

(24) On June 14th, 2021, defendant, ANDERSON, in fact engaged into a severe act of (U.P.L.), unlicensed practice of law, upon such time at which she most (unlawfully) drafted, and construed a civil judicial petition in favour, and in (legal) assistance to josh Hefferman, in concerns of

(12)

Plaintiff, KELLY, as to a
(false), and (fabricated) order
of protection in the city
municipal court of Helena!

(25) As to, Discrimination at
the hands of defendant,
ANDERSON, she in fact directed
Plaintiff, KELLY to depart the
our place drop in center and to
not return, at the most
(unlawful) cause where there
was in fact a local court order
of protection in place upon
defendant, Josh Heffernan,
filed per KELLY, as Montana
Legislation articulates that
in the event the petitioner
party arrives at any location,
(even if the respondent) party
is (already) at such place of
business, then (under law) the
respondent party is required
to depart such premises,
(without interference) per
any other party!

(13)

(26) As to a cause of verbal assault, libel and slander, upon a continuous pattern, joint defendant's, Josh Heffernan, George Heath, and Patty Hall, all three combined gather in a small group within the confines of the our place drop in center, and engages into a slanderous, and defamatory conversation as to the legal name of plaintiff, Kelly, (without privilege or consent), per Kelly!

(27) As to a cause of religious based interference, the sister missionaries from the church of Jesus christ of Latter-Day Saints, obtain a custom, practice, and policy, in which to enter into the official our place drop in center and right out harass, and engage into religious pressure upon a wide-spread numeration of client's, including imposing religious pressure directly upon plaint-iff, Kelly! (Non-comparable)

(14)

treatment of (other religious entities)!

(28) NOTE/Important! For example, The Catholic Diocese of Helena owns the our place drop in center, and owns Good Samaritan entity, however, because the our place drop in center is (federally funded), it is prohibited from practic- -ing any (religious), or spiritual teachings, and or applying pressure on clients, based upon the religious aspects

(29) This concise claim is most (plausible), where the sister missionaries are clearly permitted at the hands of defendant's, Coleman, Ortega, and Anderson, in which to attend the our place drop in center, and then to teach, and push upon client's including Plaintiff KELLY, the sole, and isolated

(15)

(mormon) doctrine, where
because the our place drop in
center is, (federally funded),
the catholic piocese, and more
catholic faith does not so much
as, (interfere) or apply any
such religious pressure!

(30) A severe religious based
violation at the hands of
the mormon sister missionaries,
does in fact exists where, the
missionaries does walk about
the our place drop in center,
teaching to client's, and
concisely plaintiff, KELLY the
(a) book of mormon, (b) the
pearl of great price, and (c)
the official mormon doctrine
and covenants', (D & C).

(31) Further discrimination
rises where at the cause of
the our place drop in center,
existing as a (federally funded)
entity, the drop in center, and
good samaritan, are required
under federal law in which

(16)

to obtain a (non discriminatory)
grievance process for all
client's, including Plaintiff,
KELLY to file a direct
grievance without any
interference, retaliation,
or reprisal, where defendant,
Marvin Coleman, the our
place drop in center general
manager, engages into a
custom, practice, and policy,
in which to direct a client, to
depart the drop in center, and
to retaliate at the cause
of a client desiring to obtain
an official grievance form,
and to further file an entitled
grievance!

(32) Defendant, Coleman
has in fact directed Plaintiff,
KELLY to depart the our
place drop in center, in an
avenue of corrupt retaliat-
-ion, solely at the cause of
KELLY, requesting to file
an official grievance within
the our place drop in center!

(17)

(33) Liability in fact exists upon defendant's, ANDERSON, COLEMAN, and ORTEGA, in that the three joint official's over both entitie's named, clearly fail and refuses with clear intent to take corrective action, and further condones, and coleman even so much as ratifies the severe misconduct of his staff, and designies! (Failure of oversight)!

CLAIM ONE

(34) Defendant, ANDERSON has most (unlawfully) disclosed privacy, and confendential information to a non author-ized party without privilege or consent per Plaintiff!

CLAIM TWO

(35) Defendant, ANDERSON has most unlawfully

(18)

interfered, and discriminat-
-ed upon Plaintiff, KELLY as
to a pending Judicial matter.

CLAIM THREE

(36) Defendant, ANDERSON
has engaged into severe
(unlawful misconduct), where
she (without a License) to
practice Law, (U.p.L.), drafted,
and construed a civil Judicial
petition, in clear repres-
-entation of a mere drop
in center client!

CLAIM FOUR

(37) Three defendant's, HEATH,
HALL, and HEFFERNAN, has
engaged into a severe act of
Slanderous, and defamatory
quotes upon Plaintiff's
quality reputation, and good
charioteer, without privilege
or consent per Plaintiff!

(19)

## CLAIM FIVE

( 38 ) Defendant's, ORTEGA, ANDERSON, and COLEMAN, permits a sole religious entity, the (L.D.S.), church to enter into a (federally funded) drop in center, and to interfere into plaintiff's religious freedom from pressure as to a concise religious material such as, (a) The book of mormon, (b) the pearl of greate price, and (c) The sole mormon doctrine and covenants! (D & C).

## CLAIM SIX

(39) Defendant's, ORTEGA, COLEMAN, and ANDERSON, all three combined as oversight personnel does clearly condone, and ratify the severe misconduct of all other defendant's!

(20)

## RELIEF

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court for the entry of a civil judgment as follows:

(a) Enter an injunctive order enjoining, (federally funded) defendant's from continuing to deny, or retaliate upon PLAINTIFF, in which to file a grievance with both entities.

(b) Award Plaintiff with punitive damages in a financial amount of, $900,000, against corporate, and entity defendant's.

(c) civil Jury process.

(21)

I declare under penalty of perjury the foregoing to be true and correct.

Signed this <u>1st</u> Day of, JULY, 2021.

Stephen A. Kelly

<u>(SIGNATURE OF PLAINTIFF)</u>

(22)